

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00022-CV

JAMES AND JOAN LEACH, APPELLANTS

V.

WILBUR-ELLIS CO., APPELLEE

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 11488, Honorable Ron Enns, Presiding

September 15, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants, James and Joan Leach (collectively, "Leach"), appeal the trial court's entry of judgment in favor of appellee, Wilbur-Ellis Co. ("WECO"). We will affirm.

Factual and Procedural Background

On March 2, 2012, Leach entered into a "SelectPlus AgLine" lending agreement with WECO for a principal sum of $150,000 ("Note"). This principal sum was distributed in "advances" that were used to finance the purchase of fertilizer from WECO for

Leach's farming operations. WECO sent statements to Leach each month indicating the amount of any new advances and how much of the principal amount of the Note had been advanced to Leach. In December 2012, Leach received an invoice that indicated that the principal amount of the Note that had been advanced and accrued interest was in excess of $90,000. James Leach approached Brent Clark, WECO branch manager, to request a pay-off amount for the Note. According to James, he told Clark that the amount of the principal that had been advanced on the Note "seemed a little high." Clark said he would look into it and get back to Leach.

Clark asked his assistant, Heidi Moore, to locate the pay-off amount for the Leach Note. Moore was unfamiliar with the SelectPlus AgLine program and, consequently, obtained the pay-off for WECO's twenty percent participation in the Note rather than the total pay-off on the Note. Moore wrote down that Leach's pay-off amount was $17,813.90 and gave the writing to Clark. Clark then delivered the writing to James who, upon receipt, immediately wrote out a check to WECO for $17,813.90 with a notation in the memo line of the check that read "Act. No 1908697 Account Paid in Full."[1] WECO deposited the check and received payment.

After WECO contacted Leach about the remaining balance due on the Note, Leach filed a declaratory judgment action seeking a declaration that the $17,813.90 check constituted an accord and satisfaction of the obligation under the Note. WECO cited a provision in the Note that precludes such a payment from constituting an accord

---

[1] Account No. 1908697 is the internal account number for WECO's twenty percent participation in the Note. This is not the account number for the Note that was reflected in the monthly statements sent to Leach.

2

and satisfaction. WECO also counterclaimed to recover the remaining balance due under the Note.

WECO moved for traditional and no-evidence summary judgment, which the trial court granted. After conducting an evidentiary hearing on attorney's fees, the trial court entered final judgment in favor of WECO. Leach filed a motion for new trial that was overruled by operation of law. Leach then timely filed notice of appeal.

By two issues, Leach contends that the trial court erred in granting summary judgment in favor of WECO and by entering final judgment based on its grant of summary judgment.

## Accord and Satisfaction

Leach does not dispute that they entered into the Note and that they were obligated to repay advances that had been distributed as part of this agreement. Rather, Leach contends that their obligation under the Note was discharged by their tender of the $17,813.90 check that noted that it was being offered in full satisfaction of the obligations owed in "Act. No 1908697." Thus, the issue in this appeal is whether the trial court erred in finding, by summary judgment, that this $17,813.90 check was not a valid accord and satisfaction sufficient to discharge Leach's remaining obligation under the Note.

Appellate courts review the granting of a motion for summary judgment *de novo*. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a movant files a no-evidence motion in proper form under Rule of Civil Procedure 166a(i),

3

the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493, 497 (Tex. App.—Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine issue of material fact exists and that it is entitled to a summary judgment as a matter of law. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). The trial court must indulge every reasonable inference in favor of the nonmovant and resolve all doubts in his favor. *Id.* When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary judgment grounds are meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009) (per curiam).

Leach asserts their claim of accord and satisfaction under Texas Business and Commerce Code section 3.311. *See* TEX. BUS. & COM. CODE ANN. § 3.311 (West

2002).[2] The elements of an accord and satisfaction under this statute are: (1) a person in good faith tendered an instrument to the claimant as full satisfaction of a claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument. § 3.311(a). However, this codification of accord and satisfaction can be altered by contract. *See* § 1.302 (West 2009); *Milton M. Cooke Co. v. First Bank & Trust*, 290 S.W.3d 297, 304-05 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The Note expressly provides that,

> Borrower [Leach] agrees not to send Lender [WECO] payments marked "paid in full," "without recourse," or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this note, and Borrower shall remain obligated to pay any further amount owed to Lender.

The Note then explicitly identifies a particular processing office where any payment made in full satisfaction of the debt is to be sent.

The appellants in *Milton M. Cooke Co.* issued a payment under a note that included a notation that the check was "payment in full" of the obligation under the note. *See* 290 S.W.3d at 301. However, the note included a specific provision regarding checks made in full satisfaction of the debt that is strikingly similar to the provision included in the Note in this case. *See id.* at 305. Like Leach, the appellants contended that the provision in the note was not conspicuous, as required by section 3.311(c)(1)(A). *See id.* at 306. The *Cooke* Court explained that the conspicuousness requirement of section 3.311(c)(1)(A) does not apply to an express provision of a note.

---

[2] Further reference to provisions of the Texas Business and Commerce Code will be by reference to "section __" or "§ __."

*See id.* at 306-07. More importantly, the *Cooke* Court found that evidence that appellants failed to comply with the express provision of the note regarding payments made in full satisfaction of the debt precluded the appellants' assertion of accord and satisfaction. *See id.* at 307-08.

In the present case, Leach does not dispute that they agreed to the express provision regarding payments made in full discharge of the debt that is contained within the Note. Further, the evidence conclusively establishes that Leach did not send the $17,813.90 check to the payment center that was expressly identified in the Note as the sole place where full satisfaction payments may be made. While Leach asserts that the quoted provision in the Note was not conspicuous, the conspicuousness requirement does not apply to this provision of the Note. *See id.* at 306-07. As such, the terms of the Note, which can vary the terms of the statute, *see* § 1.302; *Milton M. Cooke Co.*, 290 S.W.3d at 304-05, expressly authorized WECO to accept Leach's $17,813.90 check without losing any of WECO's rights under the Note.[3]

Because the Note expressly provided the only manner in which Leach could obtain a discharge of their obligations under the Note by accord and satisfaction and because the evidence conclusively establishes that Leach did not comply with the

---

[3] Leach contends that WECO did not raise this ground in its motion for summary judgment. However, our review of WECO's motion for summary judgment clearly raises this argument as both a ground for summary judgment on WECO's claim to enforce the Note as well as to Leach's claim of accord and satisfaction.

6

requirements of this provision, the trial court did not err in granting summary judgment in favor of WECO.[4]

Conclusion

Having determined that WECO conclusively established its entitlement to summary judgment for the remaining balance under the Note and against Leach's claim of accord and satisfaction, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock<br>Justice

---

[4] Because we conclude that the express terms of the Note preclude application of accord and satisfaction in this case, we need not and do not address other grounds that would support the trial court's grant of summary judgment. *See* TEX. R. APP. P. 47.1.